UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:13-CR-10 |
| v. | ) | |
| | ) | (REEVES / SHIRLEY) |
| CLIFFORD LEON HOUSTON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on May 13, 2013, for an arraignment on the Superseding Indictment [Doc. 92] and a motion hearing on the Defendant's *pro se* Motion to Reappoint Counsel [Doc. 93], filed on May 8, 2013. Assistant United States Attorney David C. Jennings appeared on behalf of the Government. Defendant Clifford Leon Houston represented himself with the assistance of elbow counsel Attorney Charles I. Poole.

By way of background regarding the Defendant's representation, the Court notes that the Defendant was initially represented by court-appointed counsel. On March 4, 2013, the Defendant asked to represent himself with the assistance of elbow counsel. The Court advised the Defendant of the risks and perils of representing himself using the litany provided in United States v. McDowell, 814 F.3d 245, 251 (6th Cir. 1987). Despite the Court's advice, the Defendant chose and the Court permitted [Doc. 37] the Defendant to represent himself. The Court appointed [Doc. 38] Attorney Charles I. Poole to serve as elbow counsel. At a motion hearing on April 16, 2013, the

1

Court again offered to appoint counsel for the Defendant, but the Defendant stated that he wanted to continue to represent himself.

At the May 13 hearing, following the arraignment on the Superseding Indictment, the Defendant asked the Court to appoint counsel to represent him on the new second count. He stated that he wanted an attorney to file a motion to sever the counts in the Superseding Indictment because he believed that Count Two was unrelated to Count One and was prejudicial. The Court explained to the Defendant that it would appoint counsel for him, either Attorney Poole or another attorney, but appointed counsel would represent him with regard to the entire Superseding Indictment. The Court further explained that the Defendant could not represent himself with regard to one count and be represented by counsel with regard to another count.

The Defendant asked to withdraw his *pro se* motion [Doc. 93] for the Court to appoint new elbow counsel. He stated that he wanted Mr. Poole to continue as elbow counsel on Count One but asserted that Mr. Poole could not be appointed to represent him on Count Two because Mr. Poole was a witness with regard to that count.[1] The Court **GRANTED** the Defendant's oral motion to withdraw the Motion to Reappoint Counsel [Doc. 93] and again explained to the Defendant that he could not represent himself on Count One and have appointed counsel on Count Two. The Defendant declined to accept appointed counsel with regard to the Superseding Indictment, continued to insist on representing himself on Count One, and again contended that he wanted the court to appoint counsel on Count Two. The right to self-representation and the right to counsel are "two faces of the same coin, in that the waiver of one right constitutes a correlative

---

[1] Mr. Poole stated that he did not know of a conflict with regard to Attorney James F. Logan, Jr., the alleged victim in Count Two.

assertion of the other." United States v. Conder, 423 F.2d 904, 908 (6th Cir. 1970) (quotations and citation omitted). "Thus, when a defendant asserts his right to self-representation, he necessarily waives his right to counsel." United States v. Collins, 129 F. App'x 213, 217 (6th Cir. 2005). In the instant case, the Court deemed the Defendant's continuing unresponsive statements to constitute his choice to continue to represent himself on the Superseding Indictment. Mr. Poole will continue to serve as elbow counsel.

The case remains set for trial on **August 7, 2013**. The Defendant must file any motions relating to the new charge in Count Two by **June 3, 2013**. The Government's response deadline is **June 17, 2013**. If any motions are filed that require a hearing, the Court will scheduled a motion hearing. Otherwise, the Court will rule upon the motions based upon the briefs. The other dates and deadlines in this case shall remain the same at this time.

Accordingly, it is **ORDERED**:

(1) The Defendant's oral motion to withdraw his Motion to Reappoint Counsel [Doc. 93] is **GRANTED** and the motion [**Doc. 93**] is **WITHDRAWN**;

(2) The Defendant must file any pretrial motions relating to the new Count Two on or before **June 3, 2013**;

(3) The Government's response deadline for new motions relating to Count Two is **June 17, 2013**;

(4) The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Defendant at the Blount County Jail.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge