UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:13-CR-10 |
| v. | ) | |
| | ) | (REEVES / SHIRLEY) |
| CLIFFORD LEON HOUSTON, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion for Judgment of Acquittal of the 18 U.S.C. § 922(g)(3) Charge [Doc. 108], filed on June 3, 2013. The instant motion requests that the Court enter a judgment of acquittal with regard to the 18 U.S.C. § 922(g)(3) charge because the charge violates his Second Amendment rights and that it is the result of an unlawful search and seizure. The Court **RECOMMENDS** that this motion [**Doc. 108**] be **DENIED** for the following reasons:

> (1) On January 28, 2013, the Court set [Doc. 10] a motion deadline in this case of February 15, 2013. On March 4, 2013, during the Defendant's scheduled motion hearing, the Defendant requested that he represent himself with the assistance of elbow counsel. After advising the Defendant of the risks and perils of representing himself using the litany provided in United States v. McDowell, 814 F.3d 245, 251 (6th Cir. 1987), the Court granted [Doc. 37] the Defendant's request to proceed *pro se* with the assistance of elbow counsel[1] and allowed the Defendant additional time to file or revise pretrial motions and to prepare to argue his motions at the motion hearing. The Court set a new motion deadline of March 22, 2013. The Court held a motion hearing on all pending pretrial motions on

---
[1] The Court appointed [Doc. 38] Attorney Charles I. Poole to serve as elbow counsel.

1

April 16, 2013. The instant motion was filed well after the March 22, 2013 motion deadline and is **untimely**. See Fed. R. Crim. P. 12(c) & (e). The Defendant cannot now raise Second Amendment issues for the first time;[2]

(2) The Defendant's request for a judgment of acquittal is only appropriate once the matter has gone to trial. See Fed. R. Crim. P. 29 (stating that "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction"); and

(3) The Defendant has already raised Fourth Amendment issues [Docs. 14, 16, 18, 20, 47, 57, 58], which are under consideration by the Court.

The Clerk of Court is **DIRECTED** to mail a copy of this Report and Recommendation to the Defendant at the Blount County Jail.[3]

                                       Respectfully submitted,

                                           s/ C. Clifford Shirley, Jr.
                                           United States Magistrate Judge

---

[2] The Court notes that on May 7, 2013, the Government filed a Superseding Indictment [Doc. 92], which added forfeiture allegations and Count Two. Count Two of the Superseding Indictment alleges that the Defendant knowingly and willfully communicated to Pat Honeycutt via telephone threats to kill Attorney James F. Logan, Jr., in violation of 18 U.S.C. 875(c). On May 13, 2013, the Defendant was arraigned [Doc. 99] on the Superseding Indictment. The Court set [Doc. 99] a motion deadline on June 3, 2013, for motions relating to the new charge in Count Two of the Superseding Indictment. Because the instant motion requests that the Court enter a judgment of acquittal on the 18 U.S.C. § 922(g)(3) charge, which is Count One of the Superseding Indictment, it does not relate to Count Two of the Superseding Indictment and is beyond the March 22 deadline.

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).