UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:13-CR-10 |
| v. | ) | |
| | ) | (REEVES / SHIRLEY) |
| CLIFFORD LEON HOUSTON, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's *pro se* Motion to Recuse AUSA David Jennings [Doc. 124], filed on June 25, 2013. The Defendant has already filed three prior motions to recuse AUSA Jennings [Docs. 29, 42, & 56]. In his prior motions, the Defendant alleged that AUSA Jennings had conflicts of interest due to prior lawsuits filed by the Defendant, because he would be a material witness for the Defendant, and due to unsupported allegations of theft during the execution of a search warrant. The Court considered these bases and denied [Doc. 88] the Defendant's motions on April 26, 2013. The instant motion summarily states that AUSA Jennings has "conflicts of interest," in that his testimony is necessary for the Defendant's defense. The Defendant fails to provide any explanation of what AUSA Jennings could provide testimony about or how that testimony would be necessary for his defense.

The Court considers the instant motion to recuse AUSA Jennings to be a motion to reconsider the Court's earlier ruling. Because the Defendant provides no new reasons or additional

1

explanation, the Court finds, as it did before, that the Defendant has failed to establish any basis to recuse AUSA Jennings.[1]  Accordingly, the Defendant's Motion to Recuse AUSA David Jennings [**Doc. 124**] is **DENIED**.  The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Defendant at the Blount County Jail.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] The Court also finds that the Defendant's motion is untimely.  On January 28, 2013, the Court set [Doc. 10] a motion deadline in this case of February 15, 2013.  The Defendant appeared for a motion hearing on March 4, 2013, and asked to represent himself with the assistance of elbow counsel.  The Court granted this request and allowed the Defendant until March 22, 2013, to file and/or revise pretrial motions.  On May 13, 2013, the Court reopened [Doc. 99] the motion deadline for the Defendant to file motions relating only to the new Count Two in the Superseding Indictment.  Even taking the Defendant's motion to be a motion to reconsider the Court's April 26, 2013 ruling, the instant motion was filed nearly two months later and does not appear to relate to Count Two.  Accordingly, it is **untimely** and could be denied for that reason alone.  See Fed. R. Crim. P. 12(c) & (e)

2