UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
(at Knoxville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 13-10-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CLIFFORD LEON HOUSTON, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant Clifford Leon Houston's Motion for Judgment of Acquittal regarding the 18 U.S.C. § 922(g)(3) Charge. [Record No. 108] The motion was referred to United States Magistrate Judge C. Clifford Shirley, Jr., pursuant to 28 U.S.C. § 636(b). The defendant contends that a judgment of acquittal is necessary because his Second Amendment rights were allegedly violated and because the 18 U.S.C. § 922(g)(3) charge is the result of an unlawful search and seizure. [*Id.*] On June 11, 2013, the magistrate judge issued his report, recommending that the defendant's motion be denied. [Record No. 114, p. 2] Houston has not filed any objections to the magistrate judge's Report and Recommendation. Having fully considered the matter, the Court will adopt the magistrate judge's recommendation in full.

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or

-1-

legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court agrees with the magistrate judge's recommendations.

As an initial matter, the magistrate judge correctly found that the defendant's motion, which was filed on June 3, 2013, was well past the March 22, 2013 motion deadline. Therefore, it is time-barred. [Record No. 114, pp. 1-2 (citing Fed. R. Crim. P. 12(c) & (e))] Thus, because the defendant did not timely raise any Second Amendment rights violation issues, any argument on this point is deemed waived and the Court will not consider this issue at this point in the proceedings. Fed. R. Crim. P. 12(e). Additionally, the defendant's Fourth Amendment arguments have been raised in a number of his previous filings and the Court will consider those issues more fully in a subsequent Memorandum Opinion and Order. More importantly, as noted by the magistrate judge, a motion for a judgment of acquittal is inappropriate at this stage in the proceedings. *See* Fed. R. Crim. P. 29.

Accordingly, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge C. Clifford Shirley, Jr., [Record No. 114] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant Clifford Leon Houston's Motion for Judgment of Acquittal of the 18 U.S.C. § 922(g)(3) Charge [Record No. 108] is **DENIED**.

This 29th day of July, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge