UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
(at Knoxville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 13-10-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CLIFFORD LEON HOUSTON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration Defendant Clifford Leon Houston's two Motions to Dismiss the Indictment, filed on February 14, 2013 and March 22, 2013, and seven Motions to Dismiss the Criminal Complaint,[1] all filed on March 22, 2013. [Record Nos. 23, 60, 44, 55, 59, 66, 67, 68, 69] The defendant seeks dismissal of the Indictment and the Criminal Complaint based on allegations of conflicts of interest and due process violations. These motions were referred to United States Magistrate Judge C. Clifford Shirley, Jr., for an evidentiary hearing and the issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Magistrate Judge Shirley conducted a hearing regarding these motions on April 16, 2013. Assistant United States Attorney ("AUSA") David C. Jennings appeared on behalf of the United States and the defendant proceeded *pro se* with the assistance of elbow counsel Charles I. Poole.

---

1   On March 27, 2013, five days after the deadline for filing defensive motions, the defendant submitted identical copies of his seven Motions to Dismiss the Criminal Complaint, which were previously filed on March 22, 2013. The Clerk of the Court filed the March 27, 2013 motions as attachments to the previously-filed corresponding motions. [*See* Record Nos. 44-1, 55-1, 59-1, 66-1, 67-1, 68-1, 69-1.]

-1-

On June 13, 2013, the magistrate judge issued a report, recommending that the Court deny the various motions to dismiss the Indictment and the Criminal Complaint. [Record No. 116] The defendant has not filed any objections. After reviewing the Report and Recommendation and all relevant materials, the Court will adopt the magistrate judge's recommendation in full and deny Defendant Clifford Leon Houston's motions to dismiss the Criminal Complaint and the Indictment.

**I.**

During the April 16, 2013 hearing before Magistrate Judge Shirley, the government presented testimony by Bureau of Alcohol, Tobacco, and Firearms ("ATF") Special Agent Jason Dobbs. Special Agent Dobbs testified that, in 2012, the ATF began investigating the defendant's brother (Rocky Joe Houston) for being a felon in possession of firearm. As part of this investigation, a camera was placed on a utility pole near Rocky Joe Houston's residence from October 2012 to December 2012. Evidence collected from this camera revealed Rocky Joe Houston in possession of firearms. On Friday, January 11, 2013, at approximately 6:00 p.m., Special Agent Dobbs, with the assistance of the Roane County Sheriff's Department, executed an arrest warrant for Rocky Joe Houston. He was taken into custody while at a bank in Roane County, Tennessee.

After Rocky Joe Houston was arrested, around 8:00 p.m., Special Agent Dobbs and AUSA Jennings applied for search warrants for three residences on the Houston family property. In anticipation of successfully obtaining these warrants, law enforcement officers traveled to Rocky Joe Houston's residence to performed a protective sweep of the property. After the

officers entered the property of Rocky Joe Houston, they were approached by Defendant Clifford Leon Houston riding an ATV four-wheeler and traveling from his residence. The defendant had three guns either on his person or on the ATV. The defendant was removed from the ATV without incident.

Special Agent Dobbs testified that, once the search warrants were obtained at approximately 8:30 p.m., he traveled from Knoxville to the Houston property to assist in the execution of the search warrants. At approximately 9:15 p.m., Special Agent Dobbs arrived at the property. The defendant was speaking to an ATF agent when Special Agent Dobbs arrived. The defendant had been advised of his *Miranda* rights, and he agreed to speak with law enforcement. The defendant admitted that, prior to the law enforcement's arrival, he had been "getting high" and drunk and he made a reference to "wacky tobacco." Special Agent Dobbs was not present when the defendant made these statements. However, Dobbs he smelled a strong odor of marijuana and found marijuana residue when he entered the defendant's residence.

On Saturday, January 12, 2013, a Criminal Complaint for the defendant was signed by Magistrate Judge Shirley. Defendant Clifford Leon Houston was indicted by a federal grand jury, on Monday, January, 14, 2013. [Record Nos. 1, 6] The original Indictment[2] alleges that, on or about January 11, 2013, the defendant knowingly possessed a firearm while being an

---

2    On May 7, 2013, the United States filed a Superseding Indictment, adding a forfeiture allegation and a second count. Count Two charges the defendant with knowingly and willfully communicating to Pat Honeycutt, via telephone, threats to kill attorney James F. Logan, Jr., in violation of 18 U.S.C. § 875(c). [Record No. 92] However, the motions which are the subject of this Memorandum Opinion and Order only relate to Count One.

unlawful user of a controlled substance in violation of Title 18 of the United States Code, Section 922(g)(3). [Record No. 6]

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court agrees with the magistrate judge's recommendations.

## II.

As Magistrate Judge Shirley correctly concluded, the Indictment is the charging instrument in this criminal matter and it supersedes the Criminal Complaint. *See* 1 Charles Alan Wright et al., Federal Practice and Procedure § 41 (4th ed.). Thus, the defendant's seven Motions to Dismiss the Criminal Complaint are moot. However, recognizing that the defendant is proceeding *pro se* and providing him a great deal of leeway, the Court will treat the defendant's motions to dismiss the Criminal Complaint as motions to dismiss the Indictment. *See United States v. McKinney*, 375 F. App'x 479, 481 (6th Cir. 2010). Even in light of this deference, Magistrate Judge Shirley found that none of the arguments raised by the defendant

-4-

provides an acceptable basis for dismissing the Indictment. And the Court agrees. *See United States v. Toatley*, 2 F. App'x 438, 441-42 (6th Cir. 2001) (noting the "well-accepted principle that grand jury indictments are presumed valid" and that the law is designed to limit a trial court's ability to dismiss indictments); *see also Costello v. United States*, 350 U.S. 359, 363 (1956).

As previously noted, Defendant Clifford Leon Houston has filed nine motions to dismiss the Criminal Complaint and Indictment. [Record Nos. 23, 60, 44, 55, 59, 66, 67, 68, 69] Specifically he contends that dismissal is proper because: (i) his arraignment was not timely; (ii) certain court personnel and government officials have a conflict of interest and are all engaged in a conspiracy against him; (iii) Magistrate Judge Shirley was not a neutral and detached magistrate judge at the time he signed the Criminal Complaint; (iv) AUSA David C. Jennings has engaged in prosecutorial misconduct and is a material witness in this criminal matter; and (v) the defendant was illegally seized. Notably, the defendant does not argue that the Indictment is either legally or procedurally deficient.

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed R. Crim. P. 7(c)(1); *see also Hamling v. United States*, 418 U.S. 87, 117 (1974) (noting that an indictment is constitutionally sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and . . . enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense"). Here, Count One charges the defendant with possessing a firearm while being an unlawful user of a controlled substance in violation of

18 U.S.C. § 922(g)(3). The Indictment indicates the date of the alleged violation, tracks the language of the statute, provides the defendant with notice of the specific statute he is being charged with violating, and protects the defendant from double jeopardy. Count I, therefore, is constitutionally sound. Fed. R. Crim. P. 6; *see also Hamling*, 418 U.S. at 117-18.

The defendant bases a number of his motions on unsubstantiated allegations that certain individuals involved in this matter have conflicts of interest and are a part of a conspiracy perpetrated against him and his family. Setting aside the fact that these allegations are unsupported, the defendant seems to misunderstand the indictment procedure. A grand jury issues an indictment based upon a finding of probable cause. None of the individuals who allegedly have a conflict of interest issued the Indictment. Additionally, the defendant's contention that the evidence against him is invalid is an insufficient reason to seek dismissal of the Indictment. *See Costello*, 350 U.S. at 363-64 (noting that an indictment may not be challenged on grounds that it is not supported by competent or adequate evidence). Again, the Indictment is constitutionally valid and the defendant's arguments that dismissal is necessary are without merit. *See United States v. Toatley*, 2 F. App'x 438, 441-42 (6th Cir. 2001) (noting the "well-accepted principle that grand jury indictments are presumed valid" and that the law is designed to limit a trial court's ability to dismiss indictments).

## III.

Even though the defendant's arguments do not provide a basis to dismiss the Indictment, the magistrate judge addressed the defendant's various arguments and found each to be without

merit. Again, the Court is in full agreement with the magistrate judge's analysis and findings concerning these arguments.

Magistrate Judge Shirley correctly found that the defendant's due process rights were not violated when he was arrested without a warrant because a judicial determination of probable cause was made within an appropriate amount of time following the defendant having been taken into custody. [*See* Record No. 116, pp. 7-11; *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975); *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 55-56 (1991).] Although the defendant was taken into custody without a warrant on the evening of Friday, January 11, 2013, the Criminal Complaint was signed the following day. [Record No. 1] Less than forty-eight hours passed before a timely judicial determination of probable cause was made. *See McLaughlin*, 500 U.S. at 55 (holding that a "jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest . . . comply with the promptness requirement of *Gerstein*"); *see also Peet v. City of Detroit*, 502 F.3d 557, 569-71 (6th Cir. 2007).

Likewise, the defendant's argument that his due process rights were violated when he was interrogated without being promptly arraigned are also without merit. The defendant was arrested on the night of Friday, January 11, 2013. And he was arraigned the following Monday. The Court agrees with the magistrate judge that there is no evidence of "unnecessary delay" and, therefore, no violation of the prompt presentation requirement. Fed. R. Crim. P. 5(a); *see also Corely v. United States*, 556 U.S. 303, 307 (2009). Additionally, the magistrate judge also correctly found that the defendant's statements made to law enforcement (that he was "getting high" and drunk and referencing "wacky tobacco") were made within six hours of his arrest,

were voluntary, and were not in violation of the *McNabb-Mallory* rule or 18 U.S.C. § 3501(c). [Record No. 116, pp. 9-11] More importantly, *even if* the defendant's arguments on these points had merit, they would not warrant the dismissal of the Indictment. *See Corely*, 556 U.S. at 306; *United States v. Terrell*, 482 F. App'x 161, 165 (6th Cir. 2012).

The defendant also makes a number of conclusory allegations against the federal prosecutors and certain federal judges involved in this matter. The defendant asserts that United States Magistrate Judge H. Bruce Guyton was suffering from a conflict of interest when he signed a search warrant and that United States Attorney William C. Killian has a conflict of interest. The Court has addressed these allegations *ad nauseum*, and has previously concluded that they are without merit. The Court agrees with the magistrate judge that the defendant's allegations concerning certain conflicts of interest – and his assertions that certain parties are engaging in a larger conspiracy to commit hate crimes against the defendant and his brother and to block his civil rights, as well as engaging in what amounts to be terrorism and treason – lack a legal or factual basis. [Record No. 116, pp. 11-18]

To the extent that the defendant argues that AUSA Jennings has engaged in prosecutorial misconduct because he was involved in the search of the defendant's home and because the defendant alleges that he will be subpoenaing AUSA Jennings to testify, the magistrate judge correctly concluded that these assertions lack merit. [*Id.*, p. 18] The defendant has provided no factual support for his assertion that AUSA Jennings engaged in prosecutorial misconduct. Additionally, he has not demonstrated that AUSA Jennings is a material witness, nor has he complied with Rule 17(b) of the Federal Rules of Criminal Procedure.

-8-

Case 3:13-cr-00010-PLR-CCS   Document 163   Filed 07/29/13   Page 8 of 9   PageID #: 1267

## IV.

The defendant has failed to submit any evidence or provide any valid arguments to support his motions. Additionally, both the Criminal Complaint and Indictment are legally sound. Accordingly, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge C. Clifford Shirley, Jr., [Record No. 116] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant Clifford Leon Houston's Motions to Dismiss the Criminal Complaint and Indictment [Record Nos. 23, 60, 44, 55, 59, 66, 67, 68, 69] are **DENIED**.

This 29th day of July, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge