UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
(at Knoxville)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 3: 13-10-DCR |
| ) | |
| V. ) | |
| ) | |
| CLIFFORD LEON HOUSTON, ) | **MEMORANDUM ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Clifford Leon Houston has submitted a number of notices of appeal, seeking to appeal to the district court various pretrial rulings of the United States Magistrate Judge assigned to this criminal matter. [Record Nos. 167, 168, 169, 172] All pretrial motions in this case were properly referred to the United States Magistrate Judge for disposition pursuant to 28 U.S.C. § 636(b). And each of the defendant's underlying motions were properly denied because they were untimely and because they lacked merit.

The defendant's underlying motions were procedurally and substantively deficient. *See* Fed. R. Crim. P. 12(c) & (e). The defendant provided no grounds to grant his motion to disclose the identify of the confidential informant or his motion to dismiss the Superseding Indictment because the government has not revealed the identity of the confidential informant. Any testimony of the confidential informant would be irrelevant to the defendant's arrest and his subsequent charges. [Record Nos. 127, 132, 142; *See Roviaro*, 353 U.S. 53, 59 (1957).] Further, the magistrate judge correctly noted that the defendant failed to articulate why the identify of the

-1-

confidential informant should be revealed and, even if the government were required to reveal the identity of the confidential informant in this case, this would not be a reason to dismiss the Superseding Indictment. *See Costello v. United States*, 350 U.S. 359, 363 (1956). The magistrate judge also correctly denied the defendant's fifth motion requesting the Court to enter an order recusing and disqualifying Assistant United States Attorney ("AUSA") Jennings due to alleged "real conflicts of interest," as lacking merit. The defendant failed to demonstrate how AUSA Jennings's testimony would be necessary to his defense. [Record Nos. 131, 142]

The defendant's motions to subpoena United States Magistrate Judge H. Bruce Guyton and United States Attorney William C. Killian, along with attached affidavits, were also properly denied. [Record Nos. 153, 145, 147, 89, 90, 94, 95] The defendant contends that he requires the testimony of these individuals to demonstrate that there is a government conspiracy to perpetrate certain human rights and civil rights violations against the defendant and his family and to commit various forms of alleged fraud, and that there are real conflicts of interest regarding the issuance of certain search warrants in this matter. However, the defendant failed to demonstrate how their testimony would in any way be necessary to an adequate defense to the criminal offenses he is charged with in the Superceding Indictment. *See* Fed. R. Crim. P. 17(b).

Finally, the defendant's two motions to re-open the motion deadline were also correctly denied. [Record Nos. 156, 164] The defendant provided no explanation why the Court should re-open the motion filing deadline. Additionally, the defendant has already filed a significant number of motions concerning each of the counts in the Superceding Indictment. With regard to the defendant's request to re-open the motion deadline for Count II, the Court notes that the

defendant is represented by counsel for this count and, therefore, the defendant's motion he filed on his own behalf violates Local Rule 83.4(c).

Moreover, the defendant does not identify the grounds for his current challenge or explain why the magistrate judge's orders should be reconsidered. Instead, he simply states that he is appealing the magistrate judge's denial of his various motions. [*See* Record Nos. 167, 168, 169, 172.] In short, the denial of the defendant's various motions was appropriate. Accordingly, it is hereby

**ORDERED** that the defendant's notices of appeal of magistrate judge's decisions to the district court [Record Nos. 167, 168, 169, 172] are **DENIED**.

This 4th day of September, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge

-3-

Case 3:13-cr-00010-PLR-CCS   Document 189   Filed 09/04/13   Page 3 of 3   PageID #: 1474