UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
(at Knoxville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 13-10-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CLIFFORD LEON HOUSTON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*　\*\*\*　\*\*\*　\*\*\*

This matter is pending for consideration of Defendant Clifford Leon Houston's two motions to suppress a telephone conversation recorded by the Blount County Jail's recording system. The motions were filed on May 24, 2013 and June 25, 2013. [Record Nos. 100, 123] On June 3, 2013, Defendant Houston also filed a motion to dismiss Count Two of the Superseding Indictment. [Record No. 104] These motions were referred to United States Magistrate Judge C. Clifford Shirley, Jr., pursuant to 28 U.S.C. § 636(b). On June 26, 2013, Magistrate Judge Shirley conducted a hearing on these motions. Assistant United States Attorney David C. Jennings appeared on behalf of the United States and the defendant proceeded *pro se* with the assistance of elbow counsel Charles I. Poole. [Record No. 152]

On September 4, 2013, the magistrate judge issued his report, recommending that the defendant's motions be denied. [Record No. 191] On September 18, 2013, the defendant filed objections to the report. The government responded on September 20, 2013. [Record

-1-

Nos. 204, 205] Having fully considered the matter, the Court will adopt the magistrate judge's report and recommendation in full.[1]

## I.

The underlying facts are undisputed and are summarized by Magistrate Judge Shirley as follows:

> In February 2013, the Defendant, a federal inmate at the Blount County Detention Center, made a telephone call on the jail telephone system to Pat Honeycutt. At the beginning of the call, an automated recording played, stating that the caller was an inmate, the call was being recorded, and the call could be monitored. Special ATF Agent Jason Dobbs subsequently listened to the recording of this telephone conversation and identified the Defendant and Ms. Honeycutt as the parties on the call, which subsequently formed the basis of Count Two of the Superseding Indictment.

[Record No. 191, p. 5]

In his initial motion to dismiss, the defendant contends that dismissal of Count Two of the Superseding Indictment[2] is necessary because: (i) it is the fruit of his illegal seizure on January 11, 2013, and (ii) he received insufficient process because he was never served a warrant or criminal complaint on Count Two. [Record No. 104] The magistrate judge,

---

1   While this Court must make a *de novo* determination of those portions of the magistrate judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, having examined the record and having made a *de novo* determination, the Court agrees with the magistrate judge's recommendations concerning Houston's motions to suppress and motion to dismiss.

2   On May 7, 2013, the Grand Jury returned a two-count Superseding Indictment. [Record No. 92] Count Two charged the defendant with knowingly and willfully transmitting a threat to kill attorney James F. Logan, Jr., in interstate commerce *via* a telephone communication in violation of 18 U.S.C. § 8759(c). [*Id.*, p. 2]

however, correctly found that the fruit of the poisonous tree doctrine did not apply to the defendant's February 10, 2013, jail telephone conversation. [*See* Record No. 191, pp. 7-8 (citing *United States v. Gross*, 662 F.3d 393, 406 (6th Cir. 2011)).] Additionally, since the defendant was already in federal custody awaiting trial on Count One when the Grand Jury returned the Superseding Indictment which added Count Two, there was no need for a criminal complaint or arrest warrant. [*Id.*, p. 8] Likewise, Houston's contention that the monitoring and recording of his February 10, 2013 telephone conversation violated his Fourth and Fifth Amendment rights is without merit. Thus, Magistrate Judge Shirley correctly concluded that suppression of this conversation is not warranted. [*See* Record Nos. 100, 123; Record No. 191, pp. 9-12.] Accordingly, the defendant's motions to suppress and motion to dismiss Count Two of the Superseding Indictment will be denied.[3]

## II.

The defendant does not object to the magistrate judge's findings regarding his previous arguments but instead raises two new arguments. First, he contends that the magistrate judge's rulings regarding his motions to suppress and motion to dismiss should be overturned because the defendant has "new evidence." [Record No. 204, pp. 1-3] This "new evidence" consists of a motion filed in his brother Rocky Joe Houston's separate criminal trial. In that action, counsel argues that Defendant Rocky Joe Houston was not a convicted felon at the time he was Indicted for being a felon in possession of a firearm. [*See*

---

3     The defendant's second motion to suppress was filed twenty-two days past the motion deadline for Count Two. [Record No. 123] Therefore, it will also be denied as untimely. *See* Fed. R. Crim. P. 12(c) & (e).

-3-

Case 3:13-cr-00010-PLR-CCS   Document 214   Filed 10/10/13   Page 3 of 6   PageID #: 1598

*United States v. Rocky Joe Houston*, Criminal Action No. 3: 13-09, Record Nos. 88, 89.] Clifford Leon Houston contends that the "search warrants obtained for the continued use of the video surveillance pole camera, the search warrants for all [three] residen[ces] [on] the Houston[] properties," and his Indictment "were all obtained as a result of fraudulent and incorrect information" and that this information was "furnished to the Court in a[n] attempt to fals[ely] and maliciously prosecute the defendant in an act of retaliation." [Record No. 204, pp. 2-3]

However, as has been explained to the defendant on numerous occasions, a motion from a separate criminal matter that does not involve him, but rather involves his brother, is not "new evidence." His brother's motion is not relevant to this criminal proceeding. In short, his brother's motion has no bearing on this criminal matter and does not serve as a basis for dismissing Count Two of the Superseding Indictment or suppressing the recorded telephone call in which the defendant allegedly threatened to kill attorney James F. Logan. Clifford Leon Houston was properly arrested, detained, and subsequently indicted after being observed by law enforcement officers of being in possession of a firearm while being believed to be a user of a controlled substance.

Next, the defendant objects to the magistrate judge's report, arguing that the recording and interception of his February 10, 2013 telephone call from the Blount County Jail violated Title III of the Omnibus Crime Control and Safe Streets Act. [Record No. 204, pp. 3-4] However, it is uncontested that the defendant was put on notice that any of his phone calls from Blount County Jail could be monitored and that his February 10, 2013 phone

-4-

Case 3:13-cr-00010-PLR-CCS   Document 214   Filed 10/10/13   Page 4 of 6   PageID #: 1599

conversation was recorded by the jail's recording system. Thus, his argument on this point fails.[4] *See, e.g., United States v. Paul*, 614 F.2d 115 (6th Cir. 1980) (holding that routine monitoring and recording of prison phone calls done in the ordinary course of business and for security purposes falls within the exception in 18 U.S.C. § 2510(5)(a) of Title III when the inmates have "reasonable notice" that the calls may be monitored).

Accordingly, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge C. Clifford Shirley, Jr., [Record No. 191] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant Clifford Leon Houston's Objections to Magistrate's Report and Recommendation [Record No. 204] are **OVERRULED**.

3. Defendant Clifford Leon Houston's motions to suppress [Record Nos. 100, 123] are **DENIED.**

4. Defendant Clifford Leon Houston's motion to dismiss Count Two of the Superseding Indictment [Record No. 104] is **DENIED**.

---

[4] To the extent the defendant again alleges that law enforcement officers, the Court, and certain attorneys are entangled in a conspiracy to falsely and maliciously prosecute the defendant and his brother and to commit fraud, these allegations have been discussed *ad nauseam* and have been repeatedly found to be entirely baseless and unsubstantiated. In short, the defendant's objections based on these allegations are without merit and are overruled.

This 9th day of October, 2013.


Signed By:
*Danny C. Reeves* DCR
United States District Judge