UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
(at Knoxville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 13-10-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CLIFFORD LEON HOUSTON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Clifford Leon Houston has again submitted objections to the United States Magistrate Judge's June 13, 2013, Report and Recommendation ("R&R"), which recommended that the defendant's various motions to suppress be denied. [Record No. 183] For the reasons outlined below, these newly-filed objections will be overruled.

**I.**

As an initial matter, these objections are not timely and do not warrant further consideration.[1]  *See* Fed. R. Crim. P. 59(b)(2); *see also United States v. Branch,* 537 F.3d 582, 587 (6th Cir. 2008); *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  On June 13, 2013, the Magistrate Judge entered his report, recommending that the defendant's motions to suppress

---

[1] The defendant contends that his second set of objections were the first fifty-three pages of his initial objections filed with the Court, but that, due to the inadvertence of his elbow counsel, these first fifty-three pages were omitted from that filing. [Record No. 183-1, p.1; Record No. 195] Regardless, the defendant stated that he did not provide his elbow counsel with his complete set of objections until July 1, 2013. [Record No. 195, p. 6] Thus, even if his elbow counsel had filed his objections on July 1, 2013, they would have still been untimely.

-1-

be denied. [Record No. 117] The defendant was given fourteen days to file any objections to that report, however, he did not file his initial objections until July 2, 2013. [*See* Fed. R. Crim. P. 59(b)(2); *see also* Record No. 117, p. 61; Record No. 129.] On July 30, 2013, the Court entered a Memorandum Opinion and Order, adopting the Magistrate Judge's R&R. [Record No. 166] Additionally, after conducting a *de novo* review, the Court overruled Houston's objections because they were without merit *and* because they were untimely. [*Id.*] Houston's second set of objections were filed August 26, 2013, and are well past the objection deadline to the Magistrate Judge's June 13, 2013 R&R. [Record No. 183] Thus, these objections will also be overruled as untimely. *See* Fed. R. Crim. P. 59(b)(2); *see also Branch,* 537 F.3d at 587; *Arn*, 474 U.S. at 150.

## II.

Notwithstanding the untimeliness of Houston's second set of objections, the Court has again reviewed them. In short, Houston's arguments do not provide grounds for the relief he seeks. His current objections mirror arguments he has already raised in prior motions and his initial objections, and all of these arguments have been previously rejected. [Record No. 163] To the extent the Court is able to discern any new arguments raised in Houston's second set of objections, these contentions also lack merit.

The defendant asserts that the pole camera did not provide the same view compared to what was visible from the surrounding public roads. Seemingly for the first time, Houston alleges that he had a reasonable expectation of privacy in the area surrounding his home because he allowed trees to grow in the front of his house for the purpose of obstructing the

-2-

visibility from Barnard Narrows Road and because a fence surrounded his property. [*See, e.g.,* Record No. 183, p. 30.] However, Houston did not provide this information during the April 16, 2013 suppression hearing, and he has failed to provided any evidentiary support of these allegations beyond his unsubstantiated assertions.

Further, evidence has been introduced which refutes Houston's contentions. Testimony from law enforcement officers established that the property and open fields around Clifford Leon Houston's residence were clearly visible from multiple areas along Dogtown Road and Barnard Narrows Road. [Record No. 117, p. 28; *see also* Record No. 97, p. 48-50.] Agent Dobbs testified that an individual traveling on Barnard Narrows Road would have a clear view of the defendant's mobile home. [Record No. 117, p. 27; *see also* Record No. 97, p. 50.] Additionally, the photos admitted into evidence during the suppression hearing do not support Houston's present assertions. While it is true that these photos depict trees on the defendant's property, the trees are only in front of the residence. They do not establish that the street-level sight lines from Barnard Narrows Road to the defendant's property were blocked. Instead, the photos support Agent Dobbs' testimony that, at multiple locations along Barnard Narrows Road and Dogtown Road, someone at street level would have clear vantage points into the open fields and area surrounding the subject property. Further, the defendant invited the public to look onto his property by erecting billboards in his front yard.

In summary, even if the Court were to ignore the fact that Houston failed to raise any of these arguments in a timely manner, he has failed to provide any evidentiary support for

-3-

Case 3:13-cr-00010-PLR-CCS   Document 238   Filed 11/01/13   Page 3 of 5   PageID #: 1680

the allegations. Moreover, Houston's arguments are directly contradicted by the evidence properly presented for the Court's consideration.

Likewise, Houston's objections concerning the magistrate judge's finding that the exclusionary rule should not apply also lack merit. [*See, e.g.,* Record No. 183, p. 34] As noted in the Court's July 30, 2013 Memorandum Opinion and Order, the day the Sixth Circuit filed its decision in *United States v. Anderson-Bagshaw*, 509 F. App'x 396, 403-04 (6th Cir. 2012), the officers sought a search warrant for the continued use of the pole camera. [Record No. 166] This amply demonstrates good faith reliance on the absence of any judicial decision requiring a search warrant for the long-term video surveillance of the unobstructed curtilage of the residence. And Houson's conclusory assertion on this point does not alter the Court's prior *de novo* review and subsequent conclusion that the exclusionary rule should not apply.

### III.

Finally, to the extent Clifford Leon Houston's newly filed objections relate to the Magistrate Judge's June 13, 2013 R&R concerning the sufficiency of the Indictment, the timeliness of the Criminal Complaint and prompt presentment, as well his allegations of various conflicts of interest, these objections will be overruled. [Record No. 116] First, they are untimely. *See* Fed. R. Crim. P. 59(b)(2); *Branch,* 537 F.3d at 587; *Arn*, 474 U.S. at 150 (1985). Second, the defendant does nothing more than recite his previous arguments from his initial motions concerning these issues, to which the Court has already conducted *de novo* review, and found the arguments to be without merit or frivolous. [Record No. 163]

Additionally, Houston's contention that the Government cannot prove that he was an unlawful user of a controlled substance is not a proper consideration at this time.

**IV.**

For the foregoing reasons, it is hereby

**ORDERED** that Defendant Clifford Leon Houston's most-recent objections to the Magistrate Judge's Report and Recommendations [Record No. 183] are **OVERRULED** for the reasons outlined herein and in the Court's July 29, 2013 and July 30, 2013 Memorandum Opinion and Orders.

This 1st day of November, 2013.

