UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
(at Knoxville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 13-10-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CLIFFORD LEON HOUSTON, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Clifford Leon Houston's notice of appeal which has been docketed a motion for leave to appeal his November 19, 2013 jury verdict. [Record No. 271] However, because a notice of appeal is inappropriate at this stage in the proceeding, his motion will be denied.

On November 19, 2013, a jury found the defendant guilty of knowingly and willfully transmitting, in interstate commerce, a true threat to injure another person, in violation of 18 U.S.C. § 875(c). [*See* Record Nos. 265, 266.] After the jury's verdict was announced the defendant stated his intent to appeal the verdict. However, the Court instructed the defendant that he may "file a notice of appeal after the Court has imposed the sentence in the case," but that any appeal filed prior to his sentencing would be premature. [Record No. 294, p. 45] The defendant's sentencing hearing is currently scheduled for Wednesday, March 4, 2014, beginning at 1:00 p.m.

-1-

Despite the Court's admonition, on November 29, 2013, the defendant filed a "notice of appeal," stating his intention to "give[] notice of appeal of the guilty verdict returned by the jury in . . . case No. 3: 13-CR-10, *United States v. Clifford Leon Houston*, Count #2."[1] [Record No. 271, p. 1] The Clerk of the Court docketed this filing as a motion for leave to appeal the November 19, 2013 jury verdict.

Rule 4(b) of the Federal Rules of Appellate Procedure dictates the timeliness of notices of appeal in criminal matters. Fed. R. App. P. 4(b). Rule 4(b) requires that a criminal defendant file notice of appeal within fourteen days after "the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A)(i); *see also United States v. Dominguez*, 513 F. App'x. 458, 463 (6th Cir. 2013). The final decision in a criminal case for the purposes of an appeal is the imposition of the sentence, not the jury verdict. *See United States v. Montana*, Nos. 84-3558, 84-3674, 1985 U.S. App. LEXIS 22918, at *1 (citing *Berman v. United States*, 302 U.S. 211 (1937); *Northern v. United States*, 300 F.2d 131 (6th Cir. 1962)); *see also* Fed. R. App. P. 4(b)(2) ("A notice of appeal filed after the court announces a decision, sentence, or order — but before the entry of the judgment or order — is treated as filed on the date of and after the entry."). Therefore, because the defendant has yet to be sentenced and a final judgment has not been entered imposing a sentence, his notice of appeal is premature. *See* Fed. R. App. P. 4(b). To the extent the

---

[1] In his Notice of Appeal, the defendant also indicates that he needs the assistance or appointment of counsel. [Record No. 271, p. 1] To the extent this could be construed as a motion for the appointment of counsel, this request will be denied, as moot. On January 27, 2014, the Court granted the defendant's separately filed motion for the appointment of counsel to represent him in his post-trial motions and for the remainder of this case. [Record No. 296]

-2-

defendant's notice of appeal has been filed as a motion, his request will be denied. Accordingly, it is hereby

**ORDERED** that Defendant Clifford Leon Houston's Notice of Appeal which the Clerk of the Court construed as a motion seeking leave to appeal [Record No. 271] is **DENIED**.

This 26th day of February, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge