# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### KNOXVILLE DIVISION

| | | |
|---|---|---|
| **CLIFFORD LEON HOUSTON,** | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 3:13-CR-10 |
| | ) | 3:17-CV-538 |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Clifford Houston's motion for the undersigned's recusal in Houston's proceedings under 28 U.S.C. § 2255 [D. 381 (3:17-cv-538, D. 1)] and supplements to his motion for recusal [3:17-cv-538, D. 3, 5]. Also, before the Court is Houston's motion for permission to file a supplemental motion to recuse Assistant United States Attorney David Jennings ("AUSA Jennings") [D. 374] and motion to reopen the Court's determination on Houston's previous motion to recuse AUSA Jennings [D. 375]. For the reasons that follow, all five motions will be denied. The Court will first address Houston's motions pertaining to the recusal of AUSA Jennings, then turn to Houston's motions for the undersigned to be recused from presiding over Houston's § 2255 Motion. Lastly, the Court will direct the government to respond to Houston's § 2255 Motion.

### I. AUSA Jennings Recusal Motions

Houston has, again,[1] moved for the recusal of AUSA Jennings, asking the Court to reopen its inquiry that was concluded in October of 2015. Houston alleges that felony theft occurred during the execution of a search warrant at Houston's property, which AUSA Jennings oversaw.

---

[1] Houston's criminal case is replete with recusal motions. Houston has moved for the recusal of AUSA Jennings, [D. 29, 42, 56, 124, 131, 334], United States Magistrate Judge C. Clifford Shirley. [D. 26, 27, 40], United States District

Prosecutors within the Department of Justice may be disqualified from investigating or prosecuting cases that may involve "a personal, financial, or political conflict of interest, or the appearance thereof." 28 U.S.C. § 528. Allegations are not sufficient to establish a "personal interest"; rather, courts have required "proof, by clear and convincing evidence, of a prima facie case of misconduct on the part of the AUSA." *United States v. Hameen*, No. 3:18-CR-115-J-34JBT, 2018 WL 6571232, at *3 (M.D. Fla. Dec. 13, 2018) (quoting *United States v. Heldt*, 668 F.2d 1238, 1277 n.80 (D.C. Cir. 1981)). Houston has provided no proof, let alone clear and convincing evidence, that AUSA Jennings committed any misconduct related to Houston's belongings.

Regardless of the frivolity of the claim, Houston filed these motions well after the judgment was entered in this case and they are untimely. The proper forum for Houston's allegations of misconduct was in the context of a due process challenge of his conviction on appeal. Consequently, Houston's motions to reopen the recusal matter of AUSA Jennings will be denied.

**II.     § 2255 Recusal Motions**

Houston moves for the undersigned's recusal under 28 U.S.C. § 455(a) and (b)(1). Such a motion has become one of Houston's preferred means of wasting judicial resources. *See, e.g.*, *United States v. Houston*, No. CRIM.A. 3:13-10-DCR, 2013 WL 1760802, at *2 (E.D. Tenn. Apr. 24, 2013).

While § 455 outlines many grounds for judicial recusal, "[j]udges sometimes say that § 455(a) is about the appearance of impropriety, while § 455(b) is about actual bias." *Fowler v. Butts*, 829 F.3d 788, 793 (7th Cir. 2016).

---

Judge Thomas. A. Varlan [D. 41, 61, 179, 187], and United States District Judge Danny C. Reeves [D. 77], among numerous other recusal motions. All have been denied.

To avoid the appearance of impropriety, judicial disqualification should occur "in any proceeding in which [the Court's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A court's impartiality might reasonably be questioned "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (citations and internal quotation marks omitted). Because the standard is objective, not subjective, a judge "need not recuse h[er]self based on the subjective view of a party[,] no matter how strongly that view is held." *Id.* (citation and internal quotation marks omitted).

To avoid actual bias, judicial disqualification is required "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). When a party cannot show partiality stemming from an extra-judicial source or personal bias, recusal is only necessary in rare circumstances. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Ultimately, a judge's "disqualification decision must reflect *not only* the need to secure public confidence through proceedings that appear impartial, *but also* the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *Arrowood Indem. Co. v. City of Warren*, 54 F. Supp. 3d 723, 726 (E.D. Mich. 2014) (quoting *In re Allied–Signal Inc.*, 891 F.2d 967, 970 (1st Cir. 1989)) (emphasis in original). The Sixth Circuit has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted). In short, unnecessary recusals waste judicial resources. *City of Cleveland v. Krupansky*, 619 F.2d 576 (6th Cir. 1980).

Here, the Court will first discuss whether the undersigned has actual or personal bias against Houston under § 455(b)(1), then discuss whether the circumstances give rise to an appearance of impropriety under § 455(a).

**A. 28 U.S.C. § 455(b)(1)**

Houston identifies two grounds for the undersigned to recuse herself: (1) Houston filed a lawsuit against the undersigned in November of 1995, and (2) the undersigned has a "working relationship" with other judges of the United States Federal Court for the Eastern District of Tennessee that Houston has "publicly and ferociously criticiz[ed]" by way of several billboards posted in 2011. Houston has not identified and "personal knowledge of disputed evidentiary facts concerning the [§ 2255] proceeding" from any extra-judicial sources, so the Court's analysis is limited to that of personal bias under § 455(b)(1).

Here, neither of the bases asserted provide grounds for the undersigned to recuse herself under § 455(b)(1).

**1. Houston's 1995 Lawsuit**

Houston's 1995 lawsuit does not provide grounds for recusal. On November 20, 1995, Houston filed a lawsuit alleging a conspiracy against his civil rights. *See* Complaint, *Houston v. Kingston, TN, et al.*, No. 3:95-cv-645 (E.D. Tenn. Nov. 20, 1995). Contrary to Houston's assertion, he did not sue the undersigned, but brought suit against the Law Office of Watson, Hollow & Reeves, a firm in which the undersigned was a partner. Houston also brought suit against Kingston, Tennessee, the Roane County Sheriff's Department, the Kingston Police Department, Randy Scarbrough, Gary Humphreys, Dale Brown, Bryan Mullins, Tony Gwinn, Jimmy Washam, Thomas Hull, the Administrative Office of the United States Courts, Janet Reno, Karl Kirkpatrick, Conrad Finnel, P.C., John Duffy, Louis Free, Bing Bridges, Harry Franz, John

Denton, and Thomas Phillips. As Houston outlines, the premise of the suit was Houston's displeasure with an evidentiary matter in a previous civil suit. *See id.* As a result, Houston sued nearly everyone involved in the suit, including his own attorney, and several parties that were not involved in the suit.

On January 4, 1996, Chief United States District Judge James H. Jarvis dismissed the suit on motion of the parties. *See Houston v. Kingston, TN, et al.*, No. 3:95-cv-645, slip op. (E.D. Tenn. Jan. 4, 1996), ECF No. 29. Houston was ordered to file a cost bond with his appeal of the dismissal because the case was "totally frivolous." *Houston v. Kingston, Tennessee, et al.*, No. 3:95-cv-654, slip op. (E.D. Tenn. March 18, 1996), ECF No. 39. The starting-line dismissal was affirmed by the Sixth Circuit Court of Appeals. *See Houston v. Kingston, TN, et al.*, No. 3:95-cv-645, slip op. (6th Cir. Oct. 31, 1996), ECF No. 40.

In short, the undersigned was not a party to the suit, the undersigned's former law firm suffered no detriment from the suit, and the undersigned developed no personal bias against Houston arising from the suit. This does not provide grounds for recusal under § 455(b)(1), as the undersigned harbors no personal bias or prejudice against Houston from his 1995 lawsuit.

### 2. Houston's 2011 Billboards Criticizing Several Judges in the Eastern District of Tennessee

Likewise, the undersigned's "working relationship" with other judges of the Eastern District of Tennessee does not provide any basis for recusal. In 2011, prior to the undersigned's appointment, Houston posted a series of eight billboards accusing various government officials, including judges of the Eastern District of Tennessee, of various crimes, treason, and other ethical and immoral actions. Houston argues that the undersigned's "working relationship with her judicial peers," some of which were listed on the billboards, is "predisposed to prejudice and bias" against Houston.

5

However, Houston has not even presented evidence that his billboards created actual personal bias or prejudice on the part of *those* judges. Houston argues that the Honorable Clifford Shirley's finding that Houston holds a mindset of disrespect and lawlessness towards authority figures during Houston's criminal case shows personal bias. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion" for the ruling judge, let alone *other* judges. *Liteky*, 510 U.S. at 555 (citing *United States v. Grinnell* Corp., 384 U.S. 563, 583 (1966)).

In short, Houston's billboard activity prior has generated no personal bias or prejudice against Houston in the undersigned. This does not provide grounds for recusal under § 455(b)(1), as the undersigned harbors no personal bias or prejudice against Houston arising from his 2011 billboards.

**B. 28 U.S.C. § 455(a)**

Although mindful of its duty to sit where disqualification is not required, there are circumstances where, in the Court's sound discretion, it may be appropriate for a judge to disqualify herself even when no actual partiality, bias, or prejudice exists. *See U.S. v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999); *Huth v. Hubble*, No. 5: 14-CV-1215, 2016 WL 6610808, at *5 (N.D. Ohio Feb. 23, 2016). Looking at the grounds for recusal suggested by Houston through the lens of § 455(a), the Court must consider whether the undersigned's impartiality might reasonably be questioned by an objective person knowing all of the circumstances, regardless of Houston's subjective belief.

Here, neither of the bases asserted provide grounds for the undersigned to recuse herself under § 455(a).

### 1. Houston's 1995 Lawsuit

A party's suit against a judge could certainly create the appearance of impropriety when the judge presides over her accuser's subsequent proceedings. However, a reasonable, objective person would not question the undersigned's impartiality in this § 2255 matter.

Houston, proceeding *pro se*, was simply displeased by evidentiary matters in a former suit and sought to "employ[] the legal system as a tool to intimidate and heckle those he imagines have done him wrong." *Davis v. Kvalheim*, 261 F. App'x 231, 235 (11th Cir. 2008). Such a complaint "is, unfortunately, not rare." *Maisano v. Haynes*, No. 3:14-MC-00126, 2014 WL 522588, at *1 (M.D. Tenn. Feb. 5, 2014) (quoting *Nottingham v. Acting Judges of Dist. Court*, No. 1:06–CV–115–DFHVSS, 2006 WL 1042761 (S.D. Ind. Mar. 24, 2006)). In these situations, "[a] party who is frustrated with the legal system launches [a] . . . succeeding lawsuit [that] complains about the result of the prior ones and names as defendants anyone who was involved in any way with the prior lawsuits, including the lawyers and the judges." *Id.* Even when the judge evaluating recusal is named in the proceedings at hand, "[j]udges need not indulge this pattern by automatically disqualifying themselves every time their names appear in a case caption or a complaint." *Id.*

In short, a frivolous lawsuit against the undersigned's former law firm in 1995 would not cause an objective, reasonable person to question the undersigned's impartiality in the present matter.

### 2. Houston's 2011 Billboards Criticizing Several Judges in the Eastern District of Tennessee

Houston's argument regarding his 2011 billboards is even more attenuated. No reasonable, objective person would doubt the undersigned's impartiality based on Houston's criticism of other judges during a period when the undersigned had not been appointed to the bench. Likewise, under this premise, the disqualification of one judge would disqualify every judge in a federal district.

For the low cost of purchasing or erecting a billboard advertisement, a party or criminal defendant could disqualify every sitting judge in a judicial district, present and future.

In sum, if the Court were to acquiesce to Houston's recusal demand, it would be permitting him "manipulat[e] the system for strategic reasons." *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981). The undersigned must fulfill her obligation not to recuse herself. *See Easley*, 853 F.2d at 1356.

### III.     Response to Houston's § 2255 Motion

The Government has not responded to Houston's motion to vacate, set aside, or correct his sentence pursuant to 28. U.S.C. § 2255. Since it does not plainly appear from the face of the motion that it should be summarily dismissed, the United States Attorney is directed to file an answer or other pleading to the motion within thirty (30) days from entry of this Order. *See* Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Although a reply is not necessary, if Houston wishes to file a reply, he must do so within thirty (30) days from the date that the government files its answer with the Court. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts.[2]

### IV.     Conclusion

For the foregoing reasons, Houston's motions to reopen the recusal matter of AUSA Jennings [3:13-cr-10, D. 374, 375] are **DENIED**. Houston's motions for the undersigned's recusal [3:17-cv-538, D. 2, 3, 5] are **DENIED**. The United States Attorney is hereby **ORDERED** to file an answer or other pleading to the motion within thirty (30) days from entry of this Order.

---

[2] The Court directs Houston's attention to Local Rule 7.1(b), which provides that briefs "shall not exceed 25 pages in length[,]" and Local Rule 7.1(c), which provides that any reply must directly reply to the points and authorities in the government's answer and shall not be used to reargue the points and authorities included in his § 2255 motion or to present any new issues.

Houston is further **ORDERED** to immediately inform the Court and Respondent of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a *pro se* party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. TENN. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**